## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re*: **H.W. & M.W.**

**No. 12-1200** (Taylor County 11-JA-18 & 19)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father's appeal, by counsel Justina D. Helmick, arises from the Circuit Court of Taylor County, wherein his parental rights to M.W. and his custodial rights to H.W. were terminated by order entered on September 13, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, Mary S. Nelson, has filed a response on behalf of the children and a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 12, 2011, the DHHR filed a petition alleging neglect by the parents due to substance abuse. Subsequently, both parents tested positive for controlled substances. Both parents entered into a stipulated adjudication and were granted post-adjudicatory improvement periods. However, the DHHR later moved to terminate petitioner's parental rights. At disposition, the circuit court declined to extend petitioner's post-adjudicatory improvement period or to grant a dispositional improvement period, and instead terminated petitioner's parental rights.

On appeal, petitioner alleges several assignments of error. First, petitioner alleges that it was error to terminate his parental and custodial rights because he admitted to the allegations in the petition, and also expressed a desire to remediate the findings of abuse and neglect and continue to participate in services. Petitioner also alleges it was error to deny post-termination visitation because of his close bond with the children and because the circuit court relied on Respondent Mother's actions to find that a no contact order was necessary. Lastly, petitioner argues that the circuit court erred in either denying his motion to extend his post-adjudicatory improvement period or in denying him a dispositional improvement period because he had substantially complied with the terms of his post-adjudicatory improvement period and was willing to participate in an additional improvement period.

1

Both the DHHR and the guardian ad litem respond in support of the circuit court's termination of petitioner's parental rights. Respondents argue that petitioner failed to comply with the terms of his improvement period by continuing to abuse drugs and failing to follow through with substance abuse treatment. Further, respondents argue that petitioner presented no evidence that he attempted to obtain services independently, as he claimed he did. Respondents also argue that the circuit court considered the appropriate factors in determining that post-termination visitation was not in the children's best interest, and correctly extended the no contact order to petitioner due to his continued relationship with Respondent Mother.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for an extension to his post-adjudicatory improvement period, in the termination of petitioner's parental and custodial rights, or in its order related to post-termination visitation. First, the record shows that petitioner failed to substantially comply with the terms of his post-adjudicatory improvement period, as evidenced by his continued drug use. As such, we find that the evidence was sufficient to establish that petitioner failed to substantially comply with the terms of his improvement period. Therefore, based on the foregoing and pursuant to West Virginia Code § 49-6-12(g), it was not error to deny petitioner's motion. Additionally, the evidence was sufficient to support the denial of a dispositional improvement period.

Second, the Court finds that the circuit court was presented with sufficient evidence upon which to base its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Third, in regard to post-termination visitation, the Court finds no error in the circuit court's rulings. We have previously held that, in ruling on post-termination visitation, "'[t]he

evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.' Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995)." Syl. Pt. 11, in part, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Upon our review, we find that the record shows that such visitation would not have been in the children's best interest.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II